FILED

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

15 FEB 23 PM 12:56

CLERK
MIDDLE ... FLORIDA
FT. MYERS, FLORIDA

TARA MORSER,

    Plaintiff,

v.

HYUNDAI CAPITAL AMERICA, INC. a/k/a
HYUNDAI MOTOR FINANCE COMPANY
a/k/a KIA MOTORS FINANCE COMPANY,

    Defendant.

_____/

CASE NO:
**Jury Trial Demanded**

2:15-cv-117-FtM-29CM

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff TARA MORSER ("Morser" or "Plaintiff") files suit against HYUNDAI CAPITAL AMERICA, INC. a/k/a HYUNDAI MOTOR FINANCE COMPANY a/k/a KIA MOTORS FINANCE COMPANY ("HYUNDAI") and in support alleges:

**NATURE OF ACTION**

1. This is an action for injunctive relief and damages by Plaintiff, Tara Morser, an individual consumer, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA") by HYUNDAI. Fundamentally, this case is about HYUNDAI's refusal to respect Mrs. Morser's personal and legal rights in its attempts to collect an alleged debt.

**JURISDICTION**

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

Page 1 of 16

## THE PARTIES

3. Plaintiff, Tara Morser, is a natural person residing in Florida.

4. Defendant HYUNDAI can be served via its Florida registered agent: NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324.

5. Defendant HYUNDAI CAPITAL AMERICA, INC. is a corporate entity responsible for attempting to collect a debt from Plaintiff and transacting business in the State of Florida.

6. HYUNDAI CAPITAL AMERICA, INC. is also known as Hyundai Motor Finance Company.

7. As of December 2013, HYUNDAI CAPITAL AMERICA, INC. is also known as Kia Motors Finance Company.

8. Plaintiff had an alleged debt to HYUNDAI arising out of personal, family, or household purposes.

9. Plaintiff is the regular user and subscriber of the cellular telephone 239-362-7020 and was the recipient of the HYUNDAI calls.

10. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

11. Plaintiff is a "consumer" as defined in Florida Statute Section 559.55(2).

12. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(1).

13. Plaintiff hired Davis Law Firm to represent her with regard to all debts and claims that her creditors may have had against her, and to seek relief from the overwhelming volume of debt collection calls and letters that Plaintiff was receiving.

## BACKGROUND

14. In January 2013, Plaintiff purchased a Kia automobile from Fuccillo Kia in Cape Coral, Florida.

15. Beginning in April 2014, HYUNDAI began a campaign of telephone calls to Plaintiff's cell phone in an attempt to collect an alleged debt.

16. Upon answering one or more of the calls from HYUNDAI, Plaintiff requested the calls to stop.

17. Despite her request for the calls to stop, HYUNDAI continued to call Plaintiff's cellular phone.

18. HYUNDAI called Mrs. Morser's cell phone at least 215 times.

19. After receiving multiple calls from HYUNDAI, Plaintiff submitted a complaint to the Federal Trade Commission ("FTC") to report the illegal calls.

20. HYUNDAI called the Plaintiff using telephone numbers 714-369-1890, 972-590-3609, 866-344-5632, and 800-523-7020.

21. Exhibit "A" displays the times and dates of at least some of the 215 telephone calls made by HYUNDAI to Mrs. Morser's cellular telephone.

22. HYUNDAI called Plaintiff numerous additional times that Plaintiff was not yet able to document.

23. HYUNDAI attempted to collect a debt from Plaintiff by this campaign of telephone calls.

24. The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

25. The telephone calls made to Plaintiff's cellular telephone were made using an

automatic telephone dialing system.

26. The telephone calls made by HYUNDAI were made using an artificial or prerecorded voice.

27. HYUNDAI did not have Plaintiff's consent to call her cellular telephone using automatic telephone dialing equipment.

28. The telephone calls made to Plaintiff's cellular telephone were not made for emergency purposes.

29. HYUNDAI uses automatic telephone dialing systems.

30. The phone number 714-369-1890 is a number that does or did belong to HYUNDAI or its agents.

31. The phone number 972-590-3609 is a number that does or did belong to HYUNDAI or its agents.

32. The phone number 866-344-5632 is a number that does or did belong to HYUNDAI or its agents.

33. The phone number 800-523-7020 is a number that does or did belong to HYUNDAI or its agents.

34. HYUNDAI has many similar complaints from consumers across the country to those alleged by Plaintiff in this lawsuit.

35. All conditions precedent to bringing this action have been performed or have been waived.

## COUNT I – VIOLATIONS OF THE TCPA BY HYUNDAI

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint.

37. HYUNDAI willfully or knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used a pre-recorded or artificial voice to Plaintiff's cellular telephone without Plaintiff consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

38. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, HYUNDAI for:

   a) Damages;

   b) Treble damages for knowing or willful violations; and

   c) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT II – VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT

39. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint.

40. By continuing to contact Plaintiff despite having actual knowledge that Plaintiff did not consent to be called, by using automatic telephone dialing equipment to call Plaintiff's cellular telephone and using an artificial or pre-recorded voice, by calling her hundreds of times in a short time span, and by communicating with her in a manner reasonably expected to harass, HYUNDAI engaged in conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat.§ 559.72(7).

41. Each harassing call is a separate violation of the FCCPA and a separate count in this complaint.

42. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, HYUNDAI for:

a) Actual and statutory damages;

b) Attorney's fees and costs;

c) A permanent injunction enjoining the Defendant from engaging in the violative practices; and

d) Such other or further relief as the Court deems equitable, just, or proper.

**DAVIS LAW FIRM**

*s/TODD M. DAVIS*
**TODD M. DAVIS, ESQ.**
FL BAR NO. 58470
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DavisPLLC.com