UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TARA MORSER,

    Plaintiff,

v.                            Case No: 2:15-cv-117-FtM-29CM

HYUNDAI CAPITAL AMERICA, INC.,

    Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of Defendant's Motion to Strike Paragraphs 19 and 34 of the Complaint (Doc. #15) and Motion to Dismiss Count II of the Complaint (Doc. #16) filed on July 6, 2015. Plaintiff filed Responses (Doc. #17-18) on July 20, 2015. For the reasons set forth below, the motions are denied.

**I.**

    Plaintiff Tara Morser (Morser) has filed a two-count Complaint (Doc. #1) against Defendant Hyundai Capital America, Inc. (Hyundai) alleging violations of the Telephone Consumer Protection Act (TCPA) and the Florida Consumer Collection Practices Act (FCCPA). The underlying facts, as set forth in the Complaint, are as follows:

    In April 2014, Hyundai began telephoning Morser's cellular telephone in an attempt to collect an alleged automobile debt.

(Id. at ¶¶ 14-15.) Morser answered one or more of Hyundai's calls and requested that the calls stop. (Id. at ¶ 16.) Despite Morser's request, Hyundai continued to call her at least 215 times. (Id. at ¶ 18.) Hyundai's calls to Morser were made using an automated telephone dialing system and used an artificial or prerecorded voice. (Id. at ¶¶ 25-26.) At the time it made the calls, Hyundai did not have Morser's consent to call her using automatic telephone dialing equipment. (Id. at ¶ 27.) After receiving Hyundai's calls, Morser submitted a complaint to the Federal Trade Commission. (Id. at ¶ 19.) Hyundai has received many similar complaints from consumers across the county. (Id. at ¶ 34.)

Based on these allegations, Morser brings causes of action against Hyundai for violating the TCPA (Count I) the FCCPA (Count II). Concerning her FCCPA cause of action, Morser alleges that "[e]ach harassing call is a separate violation of the FCCPA and a separate count in this complaint." (Id. at ¶ 41.) Hyundai now moves to dismiss Count II, arguing that Morser cannot plead each harassing call as a separate count because the FCCPA limits plaintiffs to a single recovery per action. Hyundai also moves to strike paragraphs 19 and 34 from the Complaint, arguing that they are irrelevant and immaterial to Morser's causes of action.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing

2

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-

3

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Additionally, under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Courts disfavor motions to strike and deny them unless the allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

### III.

**A.   Hyundai's Motion to Dismiss Count II**

In relevant part, the FCCPA prohibits a consumer debt collector from "[w]illfully communicat[ing] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7). Anyone who violates the FCCPA "is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the Plaintiff." Id. § 559.77(2). Some courts in Florida have interpreted the FCCPA's damages provision as limiting a plaintiff's claim for

4

statutory damages to $1,000 per action, not per violation. Arianas v. LVNV Funding LLC, 54 F. Supp. 3d 1308, 1310 (M.D. Fla. 2014) (collecting cases). According to Hyundai, this means that Morser is prohibited from alleging, as she does in Count II, that "[e]ach harassing call is a separate violation of the FCCPA and a separate count in this complaint." The Court disagrees.

As an initial matter, Florida courts are not in agreement that an FCCPA plaintiff cannot recover $1,000 in statutory damages per violation. See Beeders v. Gulf Coast Collection Bureau, 632 F. Supp. 2d 1125, 1130 (M.D. Fla. 2009). Further, even if the Court were to adopt the reasoning in Arianas, it does not follow that Morser's FCCPA causes of action must be dismissed, because Morser does not specifically seek $1,000 in statutory damages per violation. Instead, Morser has plead multiple FCCPA violations and seeks, in a general fashion, "[a]ctual and statutory damages." Should Morser successfully prove multiple FCCPA violations, the proper measure of her statutory damages will be determined at that time. However, as currently pled, Morser's requested relief is not foreclosed as a matter of law. Accordingly, Hyundai's motion to dismiss is denied.

**B.   Hyundai's Motion to Strike Paragraphs 19 and 34**

In paragraph 19, Morser alleges that "[a]fter receiving multiple calls from Hyundai, Plaintiff submitted a complaint to the Federal Trade Commissions ("FTC") to report the illegal calls."

(Doc. #1, ¶ 19.)  In paragraph 34, Morser alleges that "Hyundai has many similar complaints from consumers across the country to those alleged by Plaintiff in this lawsuit."  (Id. at ¶ 34.)  Hyundai moves to strike those paragraphs, arguing that they are irrelevant and immaterial.  In response, Morser argues that the allegations in question are relevant to her TCPA cause of action.  The Court agrees with Morser.

Congress passed the TCPA to protect individual consumers from receiving unwanted automated and prerecorded calls. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).  In pertinent part, the TCPA prohibits "mak[ing] any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private right of action through which an individual may recover actual monetary losses or $500 per violation, with treble damages available for willful or knowing violations. Id. § 277(b)(3).  A TCPA defendant can avoid liability by demonstrating, as an affirmative defense, that the calls were made with the recipient's "express consent." Murphy v. DCI Biologicals Orlando, LLC, No. 12-CV-1459, 2013 WL 6865772, at *4 (M.D. Fla. Dec. 31, 2013).  Consumers may revoke TCPA consent orally or in

writing.  Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014)

Morser's allegation that she filed a complaint with the FTC is relevant to her TCPA cause of action because it concerns the issue of consent.  A finder of fact could conclude that Morser would not have filed a complaint with the FTC without first telling Hyundai that they did not have her consent to contact her. Likewise, Morser's allegation that Hyundai has received many complaints similar to hers is relevant to her TCPA cause of action because it concerns the issue of knowledge.  Morser has alleged that Hyundai's TCPA violations were willful or knowing which, if proven, would entitle her to treble damages.  A finder of fact could conclude that the existence of multiple complaints suggests that Hyundai was aware it was violating the TCPA.  Therefore, Hyundai has not established that the allegations in paragraphs 19 and 34 have "no possible relationship to the controversy." Reyher, 881 F. Supp. at 576.  Accordingly, Hyundai's Motion to Strike is denied

Accordingly, it is now

**ORDERED:**

1.   Defendant's Motion to Strike Paragraphs 19 and 34 of the Complaint (Doc. #15) is **DENIED.**

2.   Defendant's Motion to Dismiss Count II of the Complaint (Doc. #16) is **DENIED.**

7

**DONE AND ORDERED** at Fort Myers, Florida, this   27th   day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

8